ALLSTATE INDUSTRIAL LOAN PLAN, INC., etc., Appellant,

v.

Charles C. MIHALEK, Jr., Director and Division of Securities of Department of Banking and Securities of the Commonwealth of Kentucky, Appellees.

Supreme Court of Kentucky.

Sept. 16, 1977.

James T. Whitlow, Bondurant, Whitlow & Scott, Hodgenville, for appellant.

Thomas C. Jacobs, Gen. Counsel, Dept. of Banking & Securities, Frankfort, for appellees.

Bert T. Combs, H. Alexander Campbell, Louisville, Louis Loss, Cambridge, Mass., Charles W. Turnbaugh, Baltimore, Md., amicus curiae.

STERNBERG, Justice.

The appellant is organized under and by the authority of KRS 291.410 through 291.-990, which pertain to industrial loan corporations. From the time of its organization,

June 1970, until its right to do so was challenged by appellees, March 1973, it sold certificates of investment without registering them with the Kentucky Division of Securities. The appellees now challenge appellant's authority to issue such certificates without first registering them with the office of the Division of Securities of the Department of Banking and Securities of the Commonwealth of Kentucky. After negotiations failed to resolve the controversy, a preliminary cease and desist order dated January 21, 1974, was entered by the Director of the Division of Securities of the Department of Banking and Securities. The preliminary order was made permanent on August 23, 1974. The reasoning of the Director for such an order is made manifest in the findings of fact dated August 23, 1974, in which he stated:

"* * * The language and intent of the Act is clear and I find no way to make industrial loan corporations into industrial loan associations unless the Legislature does it at some time in the future."

In due time a petition for appeal was filed in the Franklin Circuit Court. Appellant contended it was exempt from the requirement of registration. The trial judge found:

"Being neither banks, trust companies nor loan associations, Industrial Loan Corporations are recognized by the Act as being distinctive entities, otherwise organized and operating than that character of institutions, or any of the 'mutual'-type institutions mentioned in the exemption."

On October 16, 1974, a final judgment was entered affirming the action of the appellees. Thus, this appeal.

The single and only issue presented is whether appellant is exempt from the registration of its certificates of investment.

KRS 291.460, which defines the powers of the corporation, provides:

"An industrial loan company organized under KRS 291.410 to 291.600 may:

\*      \*      \*      \*      \*      \*

(2) Sell or negotiate bonds, notes and certificates of investment for the payment of money at any time, either fixed or uncertain, and receive payments therefor in installments or otherwise; provided that nothing herein contained shall be construed to create any liability on demand. No corporation making loans under this section or KRS 291.470 to 291.510 shall directly or indirectly advertise for or accept deposits, demand or otherwise, except an industrial loan company organized under KRS 291.410 to 291.600 may advertise the sale of certificates of investment as authorized under KRS 291.-410 to 291.600."

We glean from KRS 291.410 through 291.990 that a certificate of investment is a writing evidencing an obligation on the part of the company to repay a sum of money to an investor at any time, either fixed or uncertain, and to receive payments therefor in installments or otherwise, other than an obligation to repay on demand. There is no requirement in KRS, Chapter 291 for industrial loan companies to register certificates of investment with the appellees. There is, however, ample supervisory authority in the Commissioner of Banking and Securities. KRS 291.530 and 291.550.

The Commissioner of Banking argues that registration of certificates of investment is required under the Kentucky Securities Act (KRS, Ch. 292). He calls our attention to KRS 292.340, which provides:

"It is unlawful for any person to offer or sell any security in this state, except securities exempt under KRS 292.400 or when sold in transactions exempt under KRS 292.410, unless such security is registered by notification under KRS 292.350 or by coordination under KRS 292.360 or by qualification under KRS 292.370."

In other words, it is contended that all securities must be registered unless exempt. The exemption from registration referred to in KRS 292.400 is as follows:

"KRS 292.340 to 292.390 shall not apply to any of the following securities:

    *    *    *    *    *    *

(6) Any security issued or guaranteed by any federal credit union or any credit union, industrial loan association, or similar association organized and supervised under the laws of this state."

Counsel for appellees makes much ado about appellant having the burden of proof. A stipulation was filed at the administrative level which portrays the factual situation.

At the very beginning, we are faced with the question of whether a certificate of investment is a "security document." The definition of a security, as set out in KRS 292.310(11), is broad enough to include certificates of investment. Thus, since certificates of investments are securities, they must be registered, unless they come within the exemption in KRS 292.400(6). The exemption applies to "any security issued or guaranteed by any * * * industrial loan association, or similar association organized and supervised under the laws of this state." We construe appellees' contention to be that this exemption applies to associations, not corporations, and that since appellant is a corporation it is not an association, therefore the exemption does not apply.

The types of organizations that are embraced within KRS 291.410 to 291.990 are referred to therein as "corporation," "company," "association" and "licensee". This play on words does not manifest a basis for requiring the registration of certificates of investment by corporations and not by associations. The significance of the word "corporation" or "association" is only for the purpose of identifying the nature of the entity, not of identifying the nature of its undertakings. It is the undertakings of the entity with which we are concerned, not the name by which it is known.

KRS 292.530 provides:

"This chapter shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it and to coordinate the interpretation and administration of this chapter with the related federal regulation."

The Uniform Securities Act is cited and argued as authority in support of and in opposition to the contentions made by both appellant and by appellees. From these arguments we find no mirror into the meaning of KRS 292.400(6). We do not find it necessary to engage in technical rules of statutory construction; common sense is sufficient. The policy of our blue-sky law will be as effective whether we make a play on the word "association" and eliminate all industrial loan businesses that do not bear the word "association" or whether we include the exemption to apply to industrial loan undertakings, whether they call themselves "associations," "corporations," or "companies." We have not been shown that there is, from a practical standpoint, any difference in the operations, rights, duties or responsibilities whether the name carries the word "association" or the word "corporation."

The design and stated purpose of the General Assembly of this Commonwealth was to have KRS, Chapter 292 construed so as to provide uniformity in its application. To limit the exemption, as appellees contend, to a name rather than to substance would merely require the change of a name to come within the terms of the exemption, without having changed the character of the undertakings. A sow's ear is a sow's ear, however many times it may be called a silk purse. Appendix A to the brief filed by Amicus Curiae favors us with the names of fifteen states that have identical or similar laws as KRS 292.400(6). Of the fifteen states, in only one, Virginia, does the subject entity bear the magic word "association." The many different names by which the other fourteen states refer to this same type entity are not conducive to uniformity if the exemption is predicated on the word "association" rather than the substance of the organization.

Accordingly, we are of the opinion that the word "association" as used in KRS 292.-400(6) encompasses all entities organized pursuant to the provisions of KRS 291.410 through 291.990 and are exempt from registration.

The judgment is reversed, with directions that a new judgment be entered consistent with this opinion.

All concur.